IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:13cr73-MHT
                            )            (WO)
OMARIOUS SHARUSSELL GREENE  )
```

ORDER

This case is before the court on defendant Omarious Sharussell Greene's motion for home confinement due to the spread of COVID-19 (doc. no. 191). For the reasons explained below, it is ORDERED that motion is denied.

To the extent Greene asks the court to order the Bureau of Prisons (BOP) to place him on home confinement, the court cannot grant the requested relief. The BOP has the sole authority to place a prisoner in its home confinement program. *See de Jesus v. Woods*, No. 2:19-CV-121-WHA, 2019 WL 3326199, at *4 (M.D. Ala. June 21, 2019), report and recommendation adopted, No. 2:19-CV-121-WHA, 2019 WL 3323736 (M.D. Ala. July 24, 2019).

To the extent Greene seeks a reduction in sentence

pursuant to 18 U.S.C. § 3582(c)(1), he has failed to show that he has exhausted administrative remedies. Section 3582(c)(1) authorizes a court to modify a term of imprisonment in only certain limited circumstances. It states:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the

2

>     Bureau of Prisons that the defendant is
>     not a danger to the safety of any other
>     person or the community, as provided under
>     section 3142(g);
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A) (italics added).  Greene has not shown that he has filed a request for compassionate release with the warden of his facility and that 30 days have lapsed since then, or that he has exhausted all available administrative appeals.

    DONE, this the 20th day of November, 2020.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**